JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-6809
    Facsimile: (415) 436-7234

ALANA ST. AUDE
Law Clerk

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-0053 MAG |
| ) | |
| Plaintiff, ) | UNITED STATES' TRIAL BRIEF |
| ) | |
| v. ) | Trial Date: July 29, 2008 |
| ) | Time: 9:00 A.M. |
| CRISTIAN STREETER, ) | Court: Hon. Joseph C. Spero |
| ) | |
| Defendant. ) | |
| _____ ) | |

**I. STATEMENT OF THE CASE**

A. <u>OFFENSES</u>

    On February 6, 2008, the United States Attorney filed a three-count Information charging the defendant as follows:

    1.   On or about December 7, 2007, while within the boundaries of an area under the purview of the National Park Service and administered by the Presidio Trust in the Northern District of California, the defendant, CRISTIAN STREETER, did operate and was in actual physical control of a motor vehicle while under the influence of alcohol to a degree that rendered him incapable of safe operation, in violation of Title 36, Code of

Federal Regulations, Section 1004.23(a)(1), a Class B Misdemeanor.

2. On or about December 7, 2007, while within the boundaries of an area under the purview of the National Park Service and administered by the Presidio Trust in the Northern District of California, the defendant, CRISTIAN STREETER, refused the request and direction of an authorized person to submit to a test of blood and breath for the purpose of determining the defendant's blood alcohol when the authorized person had probable cause to believe the defendant was under the influence of alcohol, in violation of Title 36, Code of Federal Regulations, Section 1004.23(c)(2), a Class B Misdemeanor.

3. On or about December 7, 2007, while within the boundaries of an area under the purview of the National Park Service and administered by the Presidio Trust in the Northern District of California, the defendant, CRISTIAN STREETER, did operate a motor vehicle in a manner which unnecessarily caused its tires to break free of the road surface, in violation of Title 36, Code of Federal Regulations, Section 1004.22(b)(2), a Class B Misdemeanor.

B. FACTS IN DISPUTE

On December 7, 2007, at approximately 3:30 in the morning, Officer Daniel Belman of the Golden Gate Bridge Highway and Transportation District was on patrol on Battery Caulfield Road when he observed a Nissan pickup truck mounted partly on and off the roadway, with the front part of the vehicle forward in a ditch. The car was situated such a manner that the front two wheels of the vehicle were not touching the road surface because they were off the curb. Officer Belman called and reported the accident. He went to the vehicle to see if anyone was hurt and saw one person in the front of the vehicle and one person in the back of the vehicle. He waited on the scene until the U.S. Park Police arrived, observed their initial contact with the occupant of the front of the vehicle, and left shortly thereafter.

Officer Guenette responded to the scene after the accident was called in by Officer Belman. He observed the silver Nissan stuck on the curb of the roadway in the northbound lane of Battery Caulfield Road with the undercarriage of the car stuck on the curb and the

UNITED STATES' TRIAL BRIEF
CR-08-0053 MAG                            2

front of the vehicle off the curb facing down a small hill.  Officer Guenette identified the occupant in the front of the vehicle as the Cristian Streeter ("Streeter" or "the defendant").  He also observed a rear driver's seat passenger, later identified as Scott Muleady ("Muleady").  Officer Guenette detected a strong odor of alcohol emanating from the vehicle.  Officer Guenette asked the vehicle's occupants if they required medical assistance and they both declined.  The defendant admitted to being the driver of the vehicle and Officer Guenette verified the vehicle belonged to the defendant.  Officer Guenette observed that the defendant exhibited objective signs of intoxication, such as blood shot watery eyes, slurred speech.  When Officer Guenette asked if Streeter had been drinking, Streeter said he had and that he had consumed two beers at the Red Room at 10:00 PM.  Sergeant Kenneth Blaire arrived and authorized the impoundment of Streeter's vehicle.  Streeter was transported back to the police station for performance of field sobriety tests because the location on scene was not a well-lit, flat, dry surface where the tests could be conducted.  At the station, Officer Guenette asked Streeter to perform field sobriety tests and Streeter refused.  Officer Guenette asked Streeter to consent to chemical test and Streeter refused.  Officer Guenette read Streeter the chemical test admonition and Streeter continued to refuse to submit to a chemical test.  Streeter repeatedly refused to do anything asked of him by the U.S. Park Police.  The defendant was placed under arrest and was transported to San Francisco County Jail.

C.  <u>APPLICABLE LAW</u>

1. COUNT ONE - 36 C.F.R. §1004.23(a)(1): Driving Under the Influence of Alcohol
    a. The defendant operated or was in actual physical control of a motor vehicle
    b. While under the influence of alcohol and/or drugs;
    c. To a degree that rendered operation of the vehicle unsafe;
    d. In an area administered by the Presidio Trust.

2. COUNT TWO - 36 C.F.R. §1004.23(c)(2): Refusal to Submit to a Chemical Test
    a. The defendant refused the request and direction of an authorized person to

UNITED STATES' TRIAL BRIEF
CR-08-0053 MAG                         3

    submit to a test of blood, breath, saliva, or urine for the purpose of determining the defendant's blood alcohol level;

    b. The authorized person had probable cause to believe the defendant was under the influence of alcohol;

    c. In an area administered by the Presidio Trust.

3. COUNT THREE - 36 C.F.R. §1004.22(b)(2): Unsafe Operation of a Motor Vehicle

    a. Defendant operated a motor vehicle;

    b. In a manner which unnecessarily caused its tires to squeal, skid, or break free of the road surface;

    c. In an area administered by the Presidio Trust.

D. DISCOVERY AND DEFENDANT'S USE OF EXPERT TESTIMONY

The United States disclosed Rule 16 materials at the defendant's request soon after the initial appearance. The United States attests that it has and will continue to comply with *Brady*, *Giglio* and *Agurs*.

The United States has received no Rule 16 materials from the defendant. The United States has requested all Rule 16 and Jencks material, and reasserts that demand here. The United States will move to exclude any defense materials that should have been disclosed as Rule 16 material. Fed. R. Crim. P. 16(d)(2).

E. SPEEDY TRIAL CLOCK

Since all three of the offenses charged in this case are Class B Misdemeanors, the Speedy Trial Act does not apply.

F. EXHIBIT LIST

The United States intends to introduce the following at trial as evidence, but reserves the right to amend this list:

1. A map or diagram depicting the location of the stop - this exhibit will be introduced either through Officer Belman or Guenette. This exhibit is being introduced for the following reasons: (a) to illustrate the path traveled by Officer Belman and where the defendant's car was located on the road; (b) to illustrate that the area the defendant was

UNITED STATES' TRIAL BRIEF
CR-08-0053 MAG    4

driving in was within the Presidio.

2. A photograph of the area on Battery Caulfield where the defendant's car was located. This exhibit will be introduced either through Officer Belman or Guenette, for the following reasons: (a) to show how the vehicle was situated partly on and off the roadway; (b) to show that in order for a vehicle to be partly in the ditch in the photo that its tires would have had to break free of the road surface.

G. <u>STIPULATIONS</u>

Currently, there are no stipulations.

DATED: 7/9/2008    Respectfully Submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
WENDY THOMAS
Special Assistant U.S. Attorney